IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Z STREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:12-cv-401-KBJ |
| | ) | |
| JOHN KOSKINEN, | ) | |
| IN HIS OFFICIAL CAPACITY AS | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

The defendant responds to the allegations contained in the plaintiff's first amended complaint as follows. To the extent an allegation is not expressly admitted below, the defendant hereby denies that allegation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over this matter as the relief sought is barred by the Anti-Injunction Act (26 U.S.C. § 7421). Likewise, this Court lacks subject matter jurisdiction over the request for declaratory relief because of the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201(a)). Sovereign immunity has not been waived. [1]

## SECOND DEFENSE

Z Street has failed to state a claim regarding its request for injunctive relief mandating disclosure of information. Furthermore, Z Street has failed to submit a request under the Freedom of Information Act (5 U.S.C. § 552).

---

[1] Although the court has rejected these defenses in its denial of the defendant's motion to dismiss, the defendant reasserts them here in an abundance of caution so as not to waive the defenses on appeal, should an appeal be authorized by the Solicitor General.

## THIRD DEFENSE

Z Street has failed to exhaust its administrative remedies.

## FOURTH DEFENSE

The first amended complaint contains numerous statements that purport to paraphrase statutes, regulations, revenue rulings, and private letter rulings.  The statutes, regulations, etc., speak for themselves and allegations which purport to paraphrase or summarize such statements do not require a defendant to admit or deny that plaintiff's paraphrase or summary is correct and the defendant is not required to admit or deny mere conclusions of law.  *See Marshall v. Baggett*, 616 F.3d 849 (8th Cir. 2010).   Moreover, the precedential effect of IRS Private Letter Rulings (PLR) is limited to the specific taxpayer to whom it was given.  *See Taproot Admin. Servs. v. Comm'r*, 133 T.C. 202, 207 n.10 (T.C. 2009) (citing 26 U.S.C. § 6110(k)(3) and *Hanover Bank v. Comm'r*, 369 U.S. 672, 686 (1962)).

## LETTERED ALLEGATIONS

A. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph A.

B. The defendant denies the allegations contained in paragraph B.

C. The statements in paragraph C contain no allegations that require a response, and instead set forth a prayer for relief.  To the extent that paragraph C contains any allegations to which a responsive pleading is required, such allegations are denied.

D. The defendant denies the allegations contained in paragraph D.  The defendant avers that the defense of this case speaks for itself.

E.  The defendant admits that the Internal Revenue Service has neither directly requested information from, nor directly provided information to Z Street regarding terrorism.  The

defendant avers that due to the commencement of this litigation, Z Street's case development was halted.  The defendant denies any remaining allegations contained in paragraph E.

F.  The defendant admits that the Internal Revenue Service has not directly communicated with Z Street regarding the funding of terrorism.  The defendant admits that the Internal Revenue Service requested the resumes of each of Z Street's officers and directors.  The defendant denies any remaining allegations contained in paragraph F.

G. The defendant denies the allegations contained in paragraph G.

H. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph H.  The defendant avers that information submitted by organizations other than Z Street concerning those organizations' applications for recognition of exemption may be protected from disclosure under 26. U.S.C. § 6103.

I. The defendant denies any factual allegations contained in paragraph I.  The defendant avers that the First Amendment speaks for itself.

## NUMBERED ALLEGATIONS

## JURISDICTION AND VENUE

1. As referenced in the defendant's First Defense, the defendant denies that this Court has subject matter jurisdiction.

2. The defendant admits that venue lies in this district.  The defendant denies that Z Street has stated a claim.  The defendant denies that the plaintiff resides in this district.

## FACTS

3. The defendant denies the allegations contained in paragraph 3.  The defendant avers that Z Street filed articles of incorporation as a domestic nonprofit corporation with the Commonwealth of Pennsylvania on or about November 20, 2009.

4. The defendant denies the first sentence of paragraph 4.  The defendant avers that Z Street submitted an application for recognition of exemption under section 501(c)(3) of the Internal Revenue Code (Form 1023) to the Internal Revenue Service on December 28, 2009, which was received by the Service on December 29, 2009.  The defendant further avers that no response is required for the remaining allegations contained in paragraph 4 as 26 U.S.C.§ 501(c)(3) and the corresponding law regarding the deduction of charitable contributions speak for themselves.  To the extent an allegation requires a response, the defendant hereby denies that allegation.

5. The defendant avers that no response is required for the allegations contained in paragraph 5 as 26 U.S.C. § 501(c)(3) and 26 C.F.R. § 1.501(c)(3)-1(d)(2) speak for themselves. To the extent an allegation requires a response, the defendant hereby denies that allegation.

6. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.  The defendant avers that Z Street's articles of incorporation state that it was incorporated exclusively for charitable and educational purposes.

7. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.  The defendant avers that the Internal Revenue

Service has not yet made a final determination regarding Z Street's application for recognition of exemption under section 501(c)(3) of the Internal Revenue Code (Form 1023).

11. The defendant avers that no response is required for the allegations contained in paragraph 11 as 26 C.F.R. § 1.501(c)(3)-1(d) speaks for itself. To the extent an allegation requires a response, the defendant hereby denies that allegation.

12. The defendant avers that no response is required for the allegations contained in paragraph 12 as 26 C.F.R. § 1.501(c)(3)-1(d)(2) and Rev. Proc. 86-43 speak for themselves. To the extent an allegation requires a response, the defendant hereby denies that allegation.

13. The defendant avers that no response is required for the allegations contained in paragraph 13 as Rev. Proc. 86-43 and PLR 199907021 speak for themselves. To the extent an allegation requires a response, the defendant hereby denies that allegation.

14. The defendant avers that no response is required for the allegations contained in paragraph 14 as Rev. Proc. 86-43 speaks for itself. To the extent an allegation requires a response, the defendant hereby denies that allegation.

15. The defendant avers that no response is required for the allegations contained in paragraph 15 as PLR 199907021 speaks for itself. To the extent an allegation requires a response, the defendant hereby denies that allegation.

16. The defendant admits that Internal Revenue Service employee Diane Gentry sent Z Street a letter dated May 15, 2010, requesting additional information to aid in her review of Z Street's application for recognition of exemption under section 501(c)(3) of the Internal Revenue Code (Form 1023). The defendant denies that an IRS Letter 2382 was sent. The defendant avers that an IRS Letter 1312 was sent. The defendant admits that Z Street responded in a letter dated June 17, 2010. The defendant admits that information about Z Street's board

members was included with Z Street's Form 1023 submission.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Z Street's board members' experiences on other boards on which they sit.  The defendant denies any remaining allegations contained in paragraph 16.

17. The defendant admits that calls to Internal Revenue Service employee Diane Gentry went unanswered on July 7 and 14, 2010.  The defendant denies the last sentence of paragraph 17.  The defendant avers that Gentry was on leave from July 6 through July 12, 2010, and upon her return, placed a call and left a voicemail message with Z Street's counsel on July 15.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 17.

18. The defendant admits that Internal Revenue Service employee Diane Gentry had a telephone conversation with Z Street's counsel on July 19, 2010.  The defendant avers that Gentry discussed "action organizations" and lobbying activities conducted by organizations described under 501(c)(3) of the Internal Revenue Code.[2]  The defendant denies the remaining allegations contained in paragraph 18.

19. The defendant admits the allegations contained in paragraph 19.

20. The defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Z Street's purposes can be accomplished through legislative action.  The defendant denies all remaining allegations contained in paragraph 20.

21. The defendant avers that no response is required for the allegations contained in paragraph 21 as Rev. Proc. 86-43 speaks for itself.  To the extent an allegation requires a response, the defendant hereby denies that allegation.

---

[2] Action organizations are not operated exclusively for one or more exempt purposes.  *See* 26 C.F.R.§  1.501(c)(3)-1(c)(3).

22. The defendant denies the allegations contained in paragraph 22.

23. The defendant admits that with its application for recognition of exemption, Z Street included a Form 5768, Election/Revocation of Election by an Eligible Section 501(c)(3) Organization To Make Expenditures To Influence Legislation.  The defendant avers that 26 U.S.C. § 501(h) speaks for itself.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24.

25. The defendant denies the allegations contained in paragraph 25.

26. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The defendant denies the allegations contained in paragraph 27.

28. The defendant denies the allegations contained in paragraph 28.

29. The defendant admits the allegations contained in paragraph 29.  The defendant avers that this case was commenced by Z Street before it exhausted its administrative remedies under section 7428 of the Internal Revenue Code which requires the expiration of 270 days after the date on which Z Street submitted its application, as well as Z Street to have timely taken all reasonable steps to secure a determination.  The defendant further avers that, as set forth in Rev. Proc. 2010-09 (a revenue procedure that is updated annually), the IRS ordinarily will not issue a determination letter while an organization's exempt status is in litigation.

30. The defendant denies the allegations contained in paragraph 30.

31. The defendant admits that the Internal Revenue Service has not sought additional information from Z Street regarding its pending application for recognition of exemption since

the commencement of this case.  The defendant denies all remaining allegations contained in paragraph 31.

32. The defendant denies the allegations contained in paragraph 32.

33. The defendant admits that the Internal Revenue Service has not directly communicated to Z Street the requirements imposed by the Office of Foreign Asset Control.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34. The defendant admits that the Internal Revenue Service has not directly communicated to Z Street regarding procedures to ensure that resources are not diverted to individuals or organizations on any list maintained by the Office of Foreign Asset Control.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. The defendant admits that the Internal Revenue Service has not directly communicated to Z Street regarding procedures to ensure that any grants made by Z Street are used for any particular purpose.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36. The defendant admits that the Internal Revenue Service has not directly communicated to Z Street regarding grant making or fund transfer procedures.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.  The defendant further avers that information submitted by organizations other than Z Street concerning those organizations' applications for

recognition of exemption may be protected from disclosure under 26. U.S.C. § 6103.

38. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.  The defendant further avers that information submitted by organizations other than Z Street concerning those organizations' applications for recognition of exemption may be protected from disclosure under 26. U.S.C. § 6103.

39. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. The defendant admits that the Internal Revenue Service has not directly communicated to Z Street regarding its funding decisions or its financial controls.  The defendant denies that Z Street's application has been improperly subjected to "special intensity;" it admits the application was referred to the Exempt Organizations Touch-and-Go Group ("TAG Group"), but denies the referral was inappropriate.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40.

41.  The defendant denies so much of the first sentence of paragraph 41 as it alleges that Z Street's application for recognition of exemption suggests that the only activities Z Street is engaged in are speech and the promotion of speech.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 41.  The defendant denies the remaining allegations contained in paragraph 41.

## COUNT I

42. Defendant repeats and re-alleges its responses to paragraphs 1 through 41 of plaintiff's complaint as if fully set forth herein.

43. To the extent that paragraph 43 contains statements of law, no response is required. To the extent a response is required, the defendant admits the allegations contained in paragraph 43 of the complaint.

44. The defendant denies the allegations contained in paragraph 44 of the complaint.

WHEREFORE, having fully answered the allegations of the first amended complaint, the defendant respectfully prays as follows:

A.      For judgment in its favor, denying the relief sought in the first amended complaint and dismissing the claims with prejudice;

B.      That the defendant recover its attorneys' fees and costs incurred in defending this civil action; and,

C.      For such other and further relief as the court may deem to be just and appropriate.


Dated: June 26, 2014                    TAMARA W. ASHFORD
                                        Acting Assistant Attorney General, Tax Division

                                        DEBORAH S. MELAND, D.C. Bar # 375861
                                        Chief, Civil Trial Section, Eastern Region
                                        U.S. Department of Justice, Tax Division

                                        /s/ Andrew C. Strelka
                                        ANDREW C. STRELKA
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        CT Bar #: 429501, NY Bar #: 4821633
                                        Telephone: (202) 616-8994
                                        Facsimile: (202) 514-6866
                                        andrew.c.strelka@usdoj.gov

OF COUNSEL:
Ronald C. Machen, Jr.
D.C. Bar # 447889
United States Attorney for the District of Columbia

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 26, 2014, the foregoing ANSWER was filed with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.


<u>/s/ Andrew C. Strelka</u>
ANDREW C. STRELKA