UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Z STREET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-cv-0401 (KBJ) |
| ) | |
| JOHN KOSKINEN, ) | |
| *In His Official Capacity as* ) | |
| *Commissioner of Internal Revenue*, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On May 27, 2014, this Court issued a Memorandum Opinion and Order denying Defendant's motion to dismiss the instant case.  (ECF Nos. 49, 50.)  The Court held, *inter alia*, that neither the Anti-Injunction Act nor the Declaratory Judgment Act bars Plaintiff's claim for equitable relief.  On July 28, 2014, Defendant filed a Notice of Appeal to the D.C. Circuit.  (Def.'s Notice of Appeal, ECF No. 62.)  In its Notice, Defendant stated that interlocutory appeal was warranted "under the rule laid down in *Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541 (1949), often referred to as the collateral order doctrine."  (*Id.* at 1.)[1]  However, Defendant subsequently dismissed that appeal voluntarily and without prejudice at the direction of the Solicitor General.  (*See* Def.'s Mem. in Supp. of Def.'s Mot. to Certify ("Def.'s Br."), ECF No. 68-1, at 4 n.1 ("On August 19, 2014, the Solicitor General determined not to authorize an appeal under the collateral order doctrine[.]").)  Defendant now seeks an alternative route to

---

[1] Page numbers throughout this Order refer to those assigned by the Court's electronic filing system.

appeal this Court's Order—namely, Defendant asks this Court to certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (*See* Def.'s Mot. to Certify, ECF No. 68.)  Plaintiff objects to Defendant's request for certification.  (*See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Certify ("Pl.'s Opp'n"), ECF No. 71.)

District courts have discretion to certify otherwise non-final orders for immediate appeal pursuant to section 1292(b) "when: (1) the order involves a controlling question of law, (2) as to which a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation."  *Vila v. Inter-American Inv., Corp.*, 596 F. Supp. 2d 28, 30 (D.D.C. 2009) (citing 28 U.S.C. § 1292(b)).  "The party seeking interlocutory review has the burden of establishing all three elements to merit 'departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *Id.* at 30 (quoting *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003)).  Courts recognize that section 1292(b) "'should not be read as a significant incursion on the traditional federal policy against piecemeal appeals'" and, accordingly, should "'be applied in relatively few situations[.]'"  *Howard v. Office of the Chief Admin. Officer of the U.S. House of Reps.*, 840 F. Supp. 2d 52, 55 (D.D.C. 2012) (quoting *Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984)).

Defendant argues that this is one of those situations.  Specifically, Defendant claims that whether the Anti-Injunction Act applies in the instant case is a controlling question of law the resolution of which may terminate this litigation.  (Def.'s Br. at 6.)  Defendant also contends that there is a substantial ground for difference of opinion "based on holdings from other circuits[.]" (*Id.* at 9.)  Plaintiff disagrees, maintaining

"that a substantial ground for difference of opinion exists only if the law *within* a given Circuit is unsettled." (Pl.'s Opp'n at 9 (emphasis added).)  And here, Plaintiff argues, D.C. Circuit precedent is clear.  (*See id.*)

This Court agrees with Defendant that the Order involves a controlling question of law and that an immediate appeal would materially advance the disposition of this litigation.  *See Rodriguez v. P.R. Fed. Affairs Admin.*, 435 F.3d 378, 381 (D.C. Cir. 2006) (concluding that the district court properly certified an issue of sovereign immunity as a controlling question of law).  With respect to the substantial difference of opinion requirement, this Court notes that where, as here, "'proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . or the like,' certification may be justified even if there is a relatively low level of uncertainty." *APCC Servs., Inc.*, 297 F. Supp. 2d at 97 (ellipsis in original) (quoting 16 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3930 at 422 (1996)); *see also Atlantic City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 613, 620 (S.D.N.Y. 1962) (concluding that a narrow approach to determining whether substantial ground for difference of opinion exists is not justified when there are reasons to determine an issue conclusively and expeditiously).

Accordingly, after consideration of the parties' briefs and the relevant legal standards, it is hereby

**ORDERED** that Defendant's [68] Motion to Certify this matter for interlocutory appeal is GRANTED.

DATE:  October 17, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge