IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Z STREET, | : | |
| Plaintiff, | : | Civil No. 1:12-cv-00401 (KBJ) |
| v. | : | |
| JOHN KOSKINEN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF INTERNAL REVENUE, | : | |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S REQUEST FOR AN EXTENSION**

  The Government's attack on the procedure Plaintiff followed here with respect to Defendant's document production and privilege log might have been more persuasive if the procedure Plaintiff followed had not been exactly the procedure this Court established – *with* the Government's explicit agreement.  Moreover, the issues that Plaintiff has raised, and about which the Government says it wanted to meet and confer, is no mere "concern with our [the Government's] privilege log."  Def. Mem. At 2.  The Plaintiff's brief raised grave concerns about the truthfulness of the Government's submissions in this case.  There is no reason to expect that the Government would be -- or even should be -- willing to negotiate about whether it has defrauded the Court.

  The "concern" Plaintiff raised in its Motion to Compel – a "concern" the Government studiously avoids describing in its brief – is no mere quibble about some detail related to the

privilege log. It is a wholesale fraud on the Court going to the merits of Plaintiff's claim in this case. In Z STREET's Motion to Compel we called the Court's attention to the following facts:

1. A fraudulent declaration has been submitted, repeatedly, in this case by the Government with its briefing, which misrepresents an essential fact in this case – why Z STREET's application was treated as it was. That declaration claimed that Z STREET's application was treated as it was because government policy dictated that entities like Z STREET should be treated as presenting a risk that they might be funding terror. That claim, we now know, is false, because (a) discovery the Government has produced shows that no such policy actually existed when Z STREET's application was made, and (b) the Government has known this since a few weeks after this case was filed – and well before the declaration saying otherwise was submitted to this Court;

2. Emails demonstrate that IRS employees have intentionally manipulated the documentary record relating to Z STREET and other relevant applications for 501(c)(3) treatment. In some instances these emails show IRS employees actually changing the content of documents so that they would no longer support Plaintiff's claims in this case. In other instances they show IRS employees refusing to create documents at all, and instead insisting on interacting only orally, because – this is made clear in the emails– the content of the communications that would have been documented might support Plaintiff's claims in this case;

3. Numerous essential elements of Plaintiff's claims of Government wrongdoing in this case are explicitly supported by the IRS's own internal investigation in this case.

Rather than presenting all of the detail regarding these grave charges, and the evidence supporting them, in this brief, we urge the Court to read Plaintiff's brief in support of its Motion to Compel.

The Government's suggestion that Plaintiff should have conducted a meet-and-confer about these issues is belied by the following facts:

A.  As the Court will recall, the schedule for the filing of this Motion was extensively discussed by the parties and the ultimate date for the filing of the Motion was set by the Court, as 30 days after Defendant produced its privilege log.

The parties did not build in time for a meet-and-confer and indeed never discussed it during the extensive back-and-forth on when the Government would produce its log and when Plaintiff's brief would be due. As a result of requests by the Defendant to put off the date of its privilege log and document production, the date of Plaintiff's brief was moved. The Government never suggested that it would be amenable to receding from the basic principles animating its privilege log, or any other reason why a meet-and-confer would be fruitful on any issue, much less for a discussion about the global legitimacy of the Government's actions that is raised in Plaintiff's brief.

B.  Plaintiff filed its Motion to Compel two weeks ago yet the Court and Plaintiff are only hearing now about the meet-and-confer requirement.

Defendant knew, of course, the day the motion was filed that Plaintiff was filing a motion rather than asking for a meet-and confer. If the meet-and-confer requirement were actually the issue, the Government could, and should, have raised it, at least in a phone call, the day the Motion was filed. The Government then did nothing.

      C. It would have made no sense for Plaintiff to attempt a meet-and-confer on the issue Plaintiff has raised in its motion to compel.

There was no reason for Plaintiff to approach the Government and ask it politely to negotiate regarding the wholesale fraud on the Court that the Government has perpetrated in this case, which relates to the essence of Plaintiff's claims.

It does make sense to ask lawyers to negotiate regarding the nuances of the law of discovery, relevance, burden, and the details of the law of privilege. Plaintiff submits that it does not make sense to require a party to ask to hold a negotiation regarding the question "will you admit that you have defrauded the Court and lied – not just gotten the facts wrong, but lied, on the record, in this case -- about the essential facts relating to why the IRS treated Z STREET's application as it did?" Indeed, the Government's now-proclaimed willingness to negotiate about these issues speaks many long volumes about the merit of its underlying factual position in this case.[1]

      D. The extension the Government proposed to Plaintiff is wholly undefined and therefore Plaintiff could not agree to it because it simply releases the IRS from any actual deadline for any specific act.

In its proposal to this Court the Government is not actually committing itself to doing any specific thing at any specific time. Instead the Government is asking until the end of August to make some, as-yet undetermined adjustment in its production. This makes no sense.

---

[1] The government's suggestion that the rule requiring suspension of the privilege in the case of Government misconduct has never been applied in this Circuit is incorrect – indeed, it has been applied specifically to compel production of documents bearing on discriminatory enforcement action by the Internal Revenue Service. *Tax Reform Research Group v. Internal Revenue Service,* 419 F. Supp. 415 (D.D.C. 1976) (requiring disclosure of documents bearing on efforts to have the IRS act against entities opposed to the then-sitting presidential administration). In that case, of course, the IRS resisted the efforts to get it to act improperly.

The argument Plaintiff made in its Motion to Compel goes to the foundation of the Government's right to invoke the deliberative process privilege.  We submit that the Government's misconduct here, which is very serious, strips it of the right to invoke that basis for withholding documents.  If Plaintiff is correct, then in those instances where the Government has invoked only that privilege as a basis for withholding or redacting a document, the entire document should simply be produced.  If Plaintiff is incorrect then the Government need make no change in its production.  Either way, however, no document-by-document assessment is needed.  The argument Plaintiff made applies with the same force for all documents, and it's either right or wrong.

Behind the Government's suggestion, however, lurks a different problem.  The Government says that "The Plaintiff overlooks that many of the assertions on the Defendant's privilege logs relate to processes other than those at issue in the Complaint and would not come within the misconduct exception even if the Court finds the Plaintiff's arguments as to wrongful conduct compelling." Def. Mem. 4.  This suggests that what the Government really wants to do is to edit its privilege log, so that it retains the right to continue to withhold some or all of those documents with respect to which only the deliberative process privilege was invoked as a basis for withholding, and to argue now that instead these documents can be withheld because they relate to something other than Plaintiff's claims.  This the Government has no right to do.

First, if the Government put these documents on its privilege log in this case, it must be because the documents are relevant to Plaintiff's claims and responsive to Plaintiff's requests. If that is so, then they clearly do *not* "relate to processes other than those at issue in the Complaint."

Second, oral discussion between Plaintiff's counsel and the Government's counsel

suggest that the Government will re-address its privilege log, during the requested extension, on the basis of the principle that the only deliberative process Plaintiff has any right to know about is "deliberation" regarding what to do with Z STREET's application. This understanding is indeed consistent with the argument quoted above. But it is also completely wrong. Plaintiff's Complaint alleged a policy relating to the IRS's treatment of entities whose policies were at odds with those of the Obama administration, and one relating to treatment of applications from organizations relating to Israel. Surely Z STREET is not the only entity that fits in either of these categories. Any government document bearing on the treatment of applications in either of these categories is directly relevant to the claims in this case.

In the privilege log the Government has already produced, which the Government was given months to prepare, the Government has not claimed to be withholding any of the documents at issue in this Motion on the ground that they relate to something other than Plaintiff's claims in this case. The Government has no right to go back and add new reasons for withholding documents. This, Plaintiff suspects, is what is actually animating the Government's request for an extension. There is no reason for the Court to countenance this tactic and there is certainly no reason for the Court to give the Government an additional month to deploy it.

The bottom line here is that, given the argument raised in Plaintiff's Motion to Compel, no extension of any kind is needed here. The Government has two options: it can either admit to the wrongdoing, remove the redactions or withheld documents which, in the privilege log, are justified only by the deliberative process privilege; or it can submit a brief explaining why it is not guilty of wrongdoing, or why the wrongdoing doesn't strip it of the right to invoke the deliberative process privilege.[2]

---

[2] In their request for a meet-and-confer, the Government's lawyers also justified their request for

Finally, Plaintiff points out that its Motion to Compel raised issues other than the deliberative process privilege, as to which the Government has not requested any meet-and-confer and as to which the Government has offered no reason why it cannot proceed according to the timetable now in place in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's request for an extension and require the Government to either recede from its invocation of the deliberative process privilege or file a brief defending it, along with the other issues raised in Plaintiff's brief.

---

an extension by informing Plaintiff that the extension was needed because "the attorneys assigned to this case have personal obligations that have caused them to be out of the office for part of the time since you filed your motion, or have personal obligations that will cause them to be out office for the part of the month of August."

However, in conversation with the Government's counsel, Plaintiff learned that the reason why one of these lawyers is unavailable during the coming weeks is *not* because of any "obligation," as the Government claimed, but because the lawyer will be on vacation. Plaintiff does not wish to deny Government lawyers vacations; but they are not "obligations" and they do not require that deadlines, set long ago in this case, be moved.

Dated:  July 29, 2016	Respectfully submitted,

/s/Jerome M. Marcus_____
Jerome M. Marcus
MARCUS & AUERBACH LLC
1121 Bethlehem Pike
Suite 60-242
Spring House, PA 19477
VOICE:	215 885 2250
FAX:	888 875 0469
Email: jmarcus@marcusauerbach.com

Jay M. Levin
Attorney ID No. 34561
REED SMITH
1650 Market Street
Philadelphia, PA 19103
VOICE:	215 851 8126
FAX:	215 851 1420
Email: jmlevin@reedsmith.com

*Attorneys for Plaintiff*