IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Z STREET,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN KOSKINEN,<br>IN HIS OFFICIAL CAPACITY AS<br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>          Defendant. | Civil No. 1:12-cv-401-KBJ |

**REPLY IN SUPORT OF MOTION FOR EXTENSION OF TIME**

     The Defendant files this reply in support of its motion for a 30-day extension of time within which to respond to Z Street's Motion to Compel (Dkt. 91). As the Defendant explained in its motion, this additional time will allow the Defendant to consider whether to release additional documents or redactions, likely give Z Street at least some of what it seeks, present a responsive brief that addresses the remaining dispute, and thereby reduce the burden on the parties and the Court. This is an eminently sensible method of proceeding, and the Court should grant the requested extension.

     In its opposition to the Defendant's extension motion, Z Street focuses on three arguments: (1) making unproven, over-the-top accusations of "wholesale fraud on the Court"; (2) defending its decision not to meet and confer as required by the Federal Rules of Civil Procedure, Local Rules, and the Court's Standing Order; and (3) asserting that it is unproductive to try to narrow the issues before the Court. None of these arguments is persuasive, and none

14225606.1

explains why the Court should prematurely wade into an issue that likely can – and should – be narrowed without Court intervention.

First, Z Street accuses the Defendant of fraud on the Court, regurgitating the same unsupported accusations that Z Street made its motion to compel.  The Defendant can and will dispute those accusations in the appropriate forum, its response to Z Street's motion to compel, not in the context of the instant extension motion.  The Defendant notes that it intends to dispute some of those accusations using documents that have been produced to Z Street, but which Z Street has chosen not to include in its briefing to create a misleading narrative.

Second, Z Street claims that no meet and confer was contemplated by the parties.  This is directly contradicted by the portions of the hearing transcript cited in the Defendant's extension motion, as well as the parties' joint proposed briefing schedule that provided Z Street would file a motion to compel regarding "any issues . . . that the parties have been unable to resolve" in the thirty days following production of the privilege logs.  (Dkt. 85.)

Finally, Z Street variously asserts that a document-by-document review is not actually being undertaken by the Defendant, is being undertaken with some improper purpose, or is unnecessary.  To the contrary, the Defendant is in the process of doing exactly what it said it would do: conducting a document-by-document review of *every* deliberative process assertion made in this case (as well as reviewing the other limited challenges contained in Z Street's motion to compel) so that it can release by a date certain those documents, or portions of documents, to Z Street that fall within the privilege but the release of which would not impair an important government interest, unless subject to a separate claim of privilege as previously asserted on our privilege logs.  This is consistent with the law in this district providing that any

deliberative process waiver need not be applied across the board, *e.g., Agility Public Warehousing Company K.S.C. v. Dept. of Defense*, 110 F.Supp.3d 215, 223 (D.D.C. 2015); *McPeek v. Ashcroft*, 202 F.R.D. 332, 335 (D.D.C. 2001), as well as the facts of this case in which Z Street has served wide-ranging document requests[1] and challenged the Defendant's deliberative privilege assertions on both a global and individualized basis.  (Pl.'s Mot. to Compel, 12 (Dkt. 91-2) (asserting that the Defendant cannot assert the deliberative process privilege for "dozens of short documents that cannot be part of the 'process' of 'deliberating' to formulate a government policy").)

//

//

---

[1] Z Street's document requests sought, *inter alia*: all communications between any Internal Revenue Service employee and any employee of another federal agency regarding "any actions committed . . . by any private U.S. entities" in, among other places, Israel, Palestine, and the Gaza Strip; all documents "relating to the compliance, by any entity subject to the jurisdiction of the Internal Revenue Service, with international humanitarian law, human rights law, or the law of war, or any provision of any Geneva Convention"; and all communications between the Internal Revenue Service and J Street or the Arab American Institute, other than communications about the tax exempt status of J Street or the Arab American Institute.

Based on the foregoing and the reasons stated in the Defendant's motion, the Court should grant the requested extension.

Dated: July 29, 2016

                                    Respectfully submitted,

                                    <u>/s/ Geoffrey J. Klimas</u>
                                    GEOFFREY J. KLIMAS
                                    OLGA L. TOBIN
                                    Trial Attorneys
                                    Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Telephone:  (202) 307-6346
                                                             (202) 307-6322
                                    Fax: (202) 514-6866
                                    Email: Geoffrey.J.Klimas@usdoj.gov
                                                             Olga.L.Tobin@usdoj.gov
                                    *Attorneys for the Defendant*

CERTIFICATE OF SERVICE

    I certify that on July 29, 2016, I filed the foregoing REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

                                                 /s/ Geoffrey J. Klimas
                                                 GEOFFREY J. KLIMAS

14225606.1