IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Z STREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:12-cv-401-KBJ |
| | ) | |
| JOHN KOSKINEN, | ) | |
| IN HIS OFFICIAL CAPACITY AS | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S RESPONSE TO Z STREET'S MOTION TO COMPEL</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

SUMMARY OF THE DISPUTE ........................................................................................... 2

ARGUMENT ......................................................................................................................... 5

    I.    Plaintiff's Deliberative Process Argument is  Moot and Unsupported by Law and Evidence ............................................................................................................................... 5

        A.    No documents or portions of documents, reflecting deliberations regarding Z Street's application, much less any deliberation, are being withheld on the basis of deliberative process privilege ............................................................................................................. 5

        B.    Defendant's deliberative process assertions were warranted ...................................... 6

    II.    Plaintiff's hyperbolic allegations of post-Complaint wrong-doing with respect to Z Street are both unfounded and irrelevant .................................................................................. 7

        A.    The report cited by the Plaintiff does not relate to its contention that a "Special Israel" policy existed and was applied to Z Street, and it is not a proper subject of judicial notice, even if the issue was not moot ................................................................................ 8

        B.    Plaintiff's specious allegation that a declaration submitted in this matter is false presents an inaccurate interpretation of the declaration and related documents and does not withstand scrutiny ............................................................................................................. 10

        C.    Plaintiff's further efforts to establish post-Complaint misconduct are irrelevant and unfounded ...................................................................................................................... 12

    III.    Plaintiff's Request for a Court Order Requiring the Defendant to Produce Third-Party Return Information "Relating to" Z Street Should Be Denied Because Such Disclosure is Prohibited by IRC § 6103, or, in the alternative, for Failing to Meet and Confer.................... 14

        A.    Z Street is not entitled to the third-party return information protected from disclosure by IRC § 6103 even if it relates to Z Street in some way .................................................. 14

            1.    The Internal Revenue Service is prohibited from disclosing returns and return information belonging to third parties……………………………………15

            2.    There is no legal basis for the Internal Revenue Service to disclose to Z Street return information belonging to third parties……………………………..16

        B.    The Defendant has removed privacy and non-responsiveness redactions and produced with substantially less or no redactions the other documents over which the Plaintiff raised concerns, which are now moot......................................................................................... 19

C.       In the alternative, Z Street's remaining requests should be dismissed for failure to comply with meet and confer requirements ......................................................................... 21

CONCLUSION .................................................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Agility Public Warehousing Company K.S.C. v. Dept. of Defense,*
 110 F.Supp.3d 215 (D.D.C. 2015) .......................................................................... 6

*Aronson v. IRS,*
 973 F.2d 962 (1st Cir. 1992) ................................................................................ 15

*Church of Scientology of Cal. v. I.R.S.,*
 484 U.S. 9 (1987) ................................................................................................ 16

*Co. of San Miguel et al. v. Kempthorne,*
 587 Fed.Supp.2d 64 (D.D.C. 2008) ....................................................................... 9

*Dowd v. Calabrese,*
 101 F.R.D. 427 (D.D.C. 1984) ............................................................................. 16

*Ellipso, Inc. v. Mann,*
 460 F.Supp.2d 99 (D.D.C.2006) .......................................................................... 21

*Esch v. Yeutter,*
 876 Fed.2d 976 (D.C. Cir. 1989) ........................................................................... 9

*First Heights Bank, FSB v. United States,*
 46 Fed. Cl. 827 (2000) ......................................................................................... 16

*Heimark v. United States,*
 14 Cl. Ct. 643 (1988) ........................................................................................... 19

*Housley v. U.S. Dep't of Treasury & I.R.S.,*
 697 F. Supp. 3 (D.D.C. 1988) .............................................................................. 16

*In re Barrett,*
 487 F.3d 353 (6th Cir. 2007) ............................................................................... 16

*In re Sealed Case,*
 121 F.3d 729 (D.C. Cir. 1997) ............................................................................... 6

*In re United States,(Panasonic),*
 669 F.3d 1333 (Fed. Cir. 2012) ...................................................................... 15, 18

*Ingham v. United States,*
 167 F.3d 1240 (9th Cir. 1999) ............................................................................. 16

*Landmark Legal Found. v. IRS,*
 267 F.3d 1132 (D.C. Cir. 2001) ........................................................................... 16

*McPeek v. Ashcroft,*
  202 F.R.D. 332 (D.D.C. 2001)..................................................................... 7

*Neighborhood Assistance Corp. of America v. United States Dept. of Housing and Urban
  Development,* 19 F.Supp.3d 1 (D.C. Cir. 2013)...................................................... 5, 6

*Shearard v. Geithner,*
  No. 09-CV-0963 (JS) (ETB), 2010 WL 2243414 (E.D.N.Y. May 30, 2010) ........................... 8

*U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc.,*
  235 F.R.D. 521 (D.D.C.2006)..................................................................... 21

*United States v. Bisceglia,*
  420 U.S. 141 (1975)............................................................................ 15

*United States v. Judicial Watch, Inc.,*
  266 F. Supp. 2d 1 (D.D.C. 2002) ............................................................... 8

*Vons Cos., Inc v. United States,*
  51 Fed. Cl. 1 (Ct. Cl. 2001).................................................................. 18

## Statutes

26 U.S.C. § 501(p) ............................................................................. 11

26 U.S.C. § 6103 ...........................................................................*passim*

Public Law 105-206, Sec. 1103, Internal Revenue Serv. Restructuring and Reform Act of 1998
  (enacted July 22, 1998)........................................................................ 8

## Rules

Fed. R. Civ. P. 37............................................................................. 21

LCvR 7(m)..................................................................................... 21

## Other Authorities

Rev. Rul. 63-252, 1963-2 C.B. 101 ............................................................. 11

Rev. Rul. 66-79, 1966-1 C.B. 48 .............................................................. 11

S. Rep. No. 94-938, (1976), *reprinted in* 1976 U.S.C.C.A.N.3438.............................. 19

**INTRODUCTION**

Z Street's initially premature and now inaccurate complaints regarding Defendant's privilege assertions should be dismissed on the following grounds:

*First*, Z Street's incorrect contention that the Defendant cannot assert the deliberative process privilege with respect to *any* document because of alleged government wrongdoing and Z Street's need for the documents is unsupported by law. More importantly, it is now moot because the Defendant has since produced all documents previously withheld or redacted under the deliberative process privilege. Regardless, the initial deliberative process privilege assertions were valid absent any attempt by Z Street to show a compelling need for any particular documents, which it made no attempt to do. Had Z Street engaged in the requisite meet and confer before filing its Motion to Compel, much of this dispute could have been avoided.

*Second*, Z Street's contention that the Defendant committed misconduct does not withstand scrutiny, as it is built upon mischaracterizing evidence, excluding documents that undermine its claims, and relying on a report unrelated to the specific misconduct alleged in this matter. Un-cited documents support the contrary conclusion—that there was no pre-Complaint misconduct, as required to establish an exception to the privilege. In fact, documents in Z Street's possession show that various IRS employees considered *and rejected* the very contention underlying Z Street's misconduct allegations here and in its Complaint—that an administration's policies regarding Israel should have any impact on the IRS's evaluation of exemption requests. Likewise, Z Street asks the Court to make far-fetched inferences to conclude that the Defendant submitted a false affidavit, among other misguided allegations. Further, post-Complaint misconduct is irrelevant to whether the Defendant can assert the deliberative process privilege,

and deliberative process privilege waiver is itself moot, but we address Z Street's baseless allegations lest the Court find the failure to do so as an admission.

*Third*, to the extent that Z Street seeks a Court order compelling the production of third-party return information "relating to" Z Street in some way, the request should be denied because such disclosure is prohibited under 26 U.S.C. ("IRC") § 6103 and Z Street fails to identify an applicable exception. Moreover, Z Street's complaints concerning specific documents are now moot. We re-reviewed and reproduced with less or no redactions the documents about which Z Street objected, including all of Z Street's return information. Only third-party information remains redacted. As with the deliberative process redactions, had Z Street raised these concerns before filing this Motion, these issues would have also likely been resolved without the Court's involvement. As such, and in the alternative, the request should be denied based on Z Street's failure to abide by federal and local court rules as well as the Court's Order requiring that the parties meet and confer prior to Z Street's filing of this Motion.

## SUMMARY OF THE DISPUTE

As required under this Court's February 26, 2016 and April 11, 2016 Minute Orders, the Defendant responded to Plaintiff's document requests April 8, 2016, and provided plaintiff with privilege logs reflecting documents withheld in whole or in part, and the basis for doing so.

On March 29, 2016, the Court held a status conference and the parties discussed the schedule for a possible motion to compel. (*See* Status Conf. Tr. (Mar. 29, 2016).) Counsel for the Defendant expressed its willingness to confer and attempt to resolve any discovery dispute before the Plaintiff moved to compel. (*Id*. at 9:2-14.) The Court also indicated its expectation that before moving to compel, Plaintiff's counsel would communicate with the Defendant concerning Z Street's concerns as to the production and privilege logs. (*Id*. at 9:22–10:4.)

- 2 -

At no time after the status conference has the Plaintiff communicated to the Defendant that its privilege logs were deficient in any manner or voiced concerns with regard to the redactions or privilege assertions over any particular documents or category of documents. Rather than attempt to resolve any substantive concerns through the requisite meet-and-confer process, the Plaintiff filed a Motion to Compel (Dkt. 91-2) challenging all of Defendant's deliberative process privilege assertions, as well as the Defendant's assertion of IRC § 6103 with respect to third-party return information that "relates to Z Street" in some way.

Z Street did not challenge, either through a meet-and-confer, or in its moving papers here, any other privilege assertion or claimed protection, including 1) Defendant's assertions of attorney-client privilege; 2) Defendant's assertions of work-product protection; 3) Defendant's assertions regarding protecting the privacy of IRS employees and Congressional constituents; 4) Defendant's assertions that certain portions of documents are unresponsive where those portions do not relate to Z Street; 5) Defendant's assertions of law enforcement privilege; and 6) IRC § 6103 assertions regarding the return information of third parties that does not arguably "relate to" Z Street in some way.

Because Z Street failed to meet and confer, the Defendant moved the Court, over Z Street's objection, for a 30-day extension to respond, and within which time to evaluate and resolve any issues amenable to non-judicial resolution.  (Dkt. 92, Mot. for Extension 1.)  We have now re-reviewed and withdrawn or waived all previously-asserted deliberative process assertions, and produced to Z Street what was previously withheld on that basis alone.[1]

---

[1] A limited number of redactions previously withheld on the basis of deliberative process continue to be withheld on other grounds as protected third-party return information, information covered by the attorney-client privilege, or information covered by the work-product privilege.
(…continued on following page)

- 3 -

Even though Z Street did not challenge other privilege assertions, we have also made efforts to further limit redactions on the basis of other privileges and protections.  Defendant's assertion of these other privileges has overwhelmingly remained constant, other than the correction of a few minor internal inconsistencies.[2]  Therefore, some documents or portions of documents, which were previously withheld in whole or in part under the deliberative process privilege, remain subject to other valid, and unchallenged, privilege or protection assertions.

But, importantly, no document or portion of any document is now being withheld on the basis of the deliberative process privilege.  As such, Plaintiff's hyperbolic and unproven assertions regarding pre-Complaint government misconduct are now irrelevant.  And regardless, all of Plaintiff's unfounded and careless assertions regarding post-Complaint government misconduct were never relevant to begin with.

The only documents subject to Plaintiff's remaining objections are documents withheld or redacted as third-party return information under IRC § 6103, but which Z Street contends must be produced if they "relate to" Z Street in some way.  As we explain below, these remaining § 6103 assertions are proper and appropriate.  We have re-reviewed and produced

---

While the particular privileges were inadvertently omitted from the redaction "stamp" on each document as produced, they were asserted elsewhere by other means. To wit, the privilege assertions were included on duplicate documents, the privilege logs for either the document in question or duplicate documents, and/or the privilege logs for similar documents (*i.e.*, iterative emails in a common chain).  Therefore, these redactions were not previously withheld on the basis of deliberative process alone, even though no other privilege was claimed on the face of the redactions.

[2] In addition to the documents described in footnote no. 1, we have included an assertion of attorney-client and work-product privileges inadvertently omitted to a redaction previously withheld as both deliberative process and law enforcement privilege.  The redaction would have been withheld regardless of the additional assertion of other privileges on the basis of law enforcement privilege.

with less or no redactions the particular documents that Z Street identified.  All of Z Street's

return information has now been produced.  The remaining IRC § 6103 redactions constitute the

return information of third parties.  Such disclosure is expressly prohibited under IRC § 6103,

even if it "relates to" Z Street in some way.  Z Street has failed to identify any legal authority

supporting a contrary finding.

## ARGUMENT

### I.   PLAINTIFF'S DELIBERATIVE PROCESS ARGUMENT IS MOOT AND UNSUPPORTED BY LAW AND EVIDENCE

**A. No documents or portions of documents, reflecting deliberations regarding Z Street's application, much less any deliberation, are being withheld on the basis of deliberative process privilege.**

The Plaintiff's primary and now-outdated argument is that Defendant has improperly

withheld documents reflecting the deliberations at issue in this suit under the deliberative process

privilege.  We recognize that case law supports the general proposition that where a

governmental process itself is at issue, and allegations of misconduct have been made regarding

that process, in certain instances documents that would otherwise be withheld pursuant to the

deliberative process privilege must be disclosed.  *Neighborhood Assistance Corp. of America v.*

*United States Dept. of Housing and Urban Development*, 19 F.Supp.3d 1 (D.C. Cir. 2013).

Consequently, and without conceding the correctness of our original assertions, or acquiescing to

Z Street's allegations as to the existence of pre- or post-Complaint misconduct, we withdraw all

assertions of deliberative process privilege.  We do, however, vehemently object to Z Street's

mischaracterization of documents and other materials in support of its histrionic and conjecture-

laden claims of both pre- and post-Complaint government misconduct, as explained below.  But

the Court need not reach those questions in order to rule on the present motion.  In any event,

because no deliberative process privilege assertions remain, Plaintiff's objections to deliberative process privilege assertion are now moot, and the Court need not address them.

**B.  Defendant's deliberative process assertions were warranted.**

Although the Defendant has now waived its deliberative process assertions, such deliberative process was properly asserted in the first instance.  As the Plaintiff admits, the Deliberative Process privilege is "a qualified privilege and can be overcome by a sufficient showing of need."  (Dkt. 91-2, Mem. in Supp. of Pl.'s Mot. to Compel 11 (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).  As such, the privilege assertion was proper; it was the Plaintiff's burden to make a sufficient showing of need, beginning with the requisite meet and confer process.  The Plaintiff failed to do so until its Motion to Compel.

Moreover, the Plaintiff inappropriately raised a blanket objection to Defendant's assertion of deliberative process privilege, boldly asserting that "the law in the Circuit is clear that the deliberative process privilege cannot ever be invoked when there is evidence of serious wrongdoing…"  (Mem. in Supp. of Pl.'s Mot. to Compel 1.)  In fact, this Circuit recognizes the opposite—the D.C. Circuit has "…never squarely applied the exception, nor has it ever defined the scope of 'misconduct' that triggers the exception's application."  *Neighborhood Assistance Corp. of America*, 19 F.Supp.3d at 13-14.

More importantly, the misconduct exception's application is more nuanced than the Plaintiff's generalized argument suggests and does not warrant a wholesale waiver of the deliberative process privilege as to all documents.  *Agility Public Warehousing Company K.S.C. v. Dept. of Defense*, 110 F.Supp.3d 215, 223 (D.D.C. 2015) (declaration and *in camera* review established that challenged documents did not touch on the misconduct at issue).  Deliberative process privilege is upheld where the process being protected is not the process at issue in the

litigation—even where the protected process is a later investigation of the facts disputed in the

litigation.  *See McPeek v. Ashcroft*, 202 F.R.D. 332, 335 (D.D.C. 2001)(upholding privilege

relating to an after-the-fact investigation because later deliberations around investigation of

alleged misconduct at issue in the suit were not in fact at issue in the litigation—only the alleged

misconduct was).  Many of Defendant's original assertions pertained to process deliberations

unrelated to allegations in the Complaint, and instead, as in *McPeek*¸ pertain to a later

investigation or evaluation of the misconduct alleged in the suit, or something entirely unrelated

to Z Street but responsive to its broad discovery requests.  Such after-the-fact deliberations,

which had no bearing on how to process Z Street's application, do not fall within the misconduct

exception.  *Id.*  Consequently, the Court need not reach the issue of alleged government

wrongdoing.

## II.   PLAINTIFF'S HYPERBOLIC ALLEGATIONS OF POST-COMPLAINT WRONG-DOING WITH RESPECT TO Z STREET ARE BOTH UNFOUNDED AND IRRELEVANT.

Because the Defendant's deliberative process privilege is no longer at issue, the

Plaintiff's overblown and tenuous allegations of pre-Complaint misconduct are moot.  And

because the misconduct exception to the deliberative process privilege applies only to the

process at issue in the suit, Plaintiff's careless and unfounded allegations regarding post-

Complaint misconduct were never relevant in the first instance.

While moot with respect to this discovery controversy, the attempted

mischaracterizations of evidence, some of which may ultimately be considered in addressing the

merits of Plaintiff's overall allegations, require a brief response now.  Plaintiff's allegations of

wrongdoing are based on 1) a report unrelated to the particular misconduct at issue in this case

viewed without consideration of contrary evidence; 2) mischaracterization of a declaration

submitted in this matter; and 3) implausible conclusions drawn from documents regarding

alleged post-Complaint misconduct.  Importantly, to the extent the Plaintiff makes allegations of

post-Complaint misconduct, it is also irrelevant to the determination of whether the wrongdoing

exception applies.

**A.  The report cited by the Plaintiff does not relate to its contention that a "Special Israel" policy existed and was applied to Z Street, and it is not a proper subject of judicial notice, even if the issue was not moot.**

To "prove" its misconduct allegations, Plaintiff seeks judicial notice of a 2013 Treasury

Inspector General for Tax Administration (TIGTA)[3] report addressing claims of improper

questions asked of applicants from organizations with indicators of significant amounts of

political campaign intervention as "evidence sufficient to show that there is reason to believe"

the IRS may have acted improperly with respect to Z Street's application.  (Mem. in Supp. of

Pl.'s Mot. to Compel 3, fn.1.)

First,  the report addressed a fundamentally different set of facts—1) organizations with

indicia of significant amounts of political campaign intervention 2) which were identified for

additional development and as a result asked questions that the report concluded were ultimately

unnecessary to determining whether they were entitled to recognition of tax-exempt status

3) where the investigation did not specifically address purported constitutional violations.  (*Id.*,

Ex. A.)  Indeed, documents previously produced to Z Street demonstrate that the IRS rejected

---

[3] Z Street also erroneously refers to TIGTA as "[t]he IRS's own Inspector General" and suggests that TIGTA's findings may be binding admissions on the Defendant.  (Mem. in Supp. of Pl.'s Mot. to Compel 3, 10.)  In fact, TIGTA is an agency separate and apart from the IRS that operates wholly independent of the IRS.  Public Law 105-206, Sec. 1103, Internal Revenue Serv. Restructuring and Reform Act of 1998 (enacted July 22, 1998); *Shearard v. Geithner*, No. 09-CV-0963 (JS) (ETB), 2010 WL 2243414, at *2-3 (E.D.N.Y. May 30, 2010) ("TIGTA is not part of the IRS"); *United States v. Judicial Watch, Inc.*, 266 F. Supp. 2d 1, 7 (D.D.C. 2002) (Huvelle, J.) (TIGTA is "a branch of the Department of Treasury (DOT) that is independent from the IRS").

consideration of applicants' viewpoints when processing applications affiliated with Israel. (*E.g.*, Ex. 1-A, ZST401-001321, email from IRS Technical Advisor Thomas J. Miller stating that "Organizations and citizens are not required to march in lockstep with USG policy: they are required to obey its laws."; Ex. 2-A, ZST401-001786, email from IRS Director of Rulings and Agreements Holly Paz advising that the "usual international grantmaking rules" apply to applicants who propose providing funding in Israel; *see also* Exs. 1-B, ZST401-00132 and 2-B, ZST401-001786 (same emails re-produced without deliberative process privilege redactions).)

Additionally, the Report was based in large part on facts post-dating the Complaint, and thus of limited relevance to Z Street's allegations here.  (Mem. in Supp. of Pl.'s Mot. to Compel, Ex. A.)  Finally, the IRS disputed in part the investigative report (*Id.*, Ex. A. 43-48.), and it is therefore not the proper subject of judicial notice.  *Co. of San Miguel et al. v. Kempthorne,*  587 Fed.Supp.2d 64, 77-78 (D.D.C. 2008) (Inspector General's report not entitled to judicial notice because agency disputed findings within report, and report did not provide court ability to verify investigative methods or ultimate results and conclusions).  Plaintiff's cited authority, *Esch v. Yeutter*, 876 Fed.2d 976 (D.C. Cir. 1989) is not relevant to the question.  For the reasons above, this request should be denied.

**B. Plaintiff's specious allegation that a declaration submitted in this matter is false presents an inaccurate interpretation of the declaration and related documents and does not withstand scrutiny.**

Plaintiff carelessly suggests that the Defendant has submitted a false declaration to this Court, but the allegation is unsupported.  Specifically, Plaintiff has failed to closely read these documents, and has conflated the views of two separate individuals and incorrectly attributes both to the declarant.  Plaintiff's confusion over the evidence is the only support for its baseless claim that the Defendant has attempted to mislead this Court.

Z Street's application was reviewed by various employees within the Exempt Organizations (EO) Determinations Unit.  Plaintiff attempts to make much of the fact that different employees had different concerns regarding Z Street's application, and appears to have conflated these views and wrongly attributed them to a single individual.  (Mem. in Supp. of Pl.'s Mot. to Compel 6.)  The declaration on which Plaintiff's allegations are based is that of a specialized manager, Jon Waddell, who oversaw Determinations Group 7830.  (Mem. in Supp. of Pl.'s Mot. to Compel, Ex. A, Waddell Decl. ¶1.)  Waddell did not perform the work of a first-line agent, but instead managed the Touch-and-Go or "TAG" Group.  (*Id.*)  When Waddell reviewed Z Street's application, he did so at the request of another manager, in order to determine whether Waddell agreed that it needed additional review.  (*Id.* at ¶ 2.)  Waddell reviewed the application, and agreed that a referral to the TAG group was appropriate because Z Street's application indicated that it could be providing resources to organizations within Israel and because Israel was one of many Middle Eastern countries that had a "higher risk of terrorism."[4]  (*Id.* at ¶ 3.)

---

[4] The IRS has a valid interest in subjecting to higher scrutiny applicants who propose to send money or resources to countries identified by the U.S. State Department as having a high
(…continued on following page)

But the purported "smoking gun" that forms the basis of Z Street's spurious allegations of false evidence is acknowledged, even by Z Street, to be the reasons of an agent, not of either Waddell or the manager who sought Waddell's views.  (Mem. in Supp. of Pl.'s Mot. to Compel 6.)  An agent's reasons for seeking guidance from her own manager, and the concerns raised by a manager responsible for specialized review of applications, need not be identical.  Plaintiff has simply misread the documents, and conflated the views of an agent and a specialized manager.  Plaintiff's paranoid and unreasonable interpretation of these two documents forms the only basis for its unsupported allegation that the declaration is false and constitutes some sort of "effort to mislead the Court."  (*Id*.)

Z Street compounds its mischaracterization of the declaration by citing a statement from an internal biweekly report, which read alone, and for the proposition Z Street cites, on first glance may appear confusing.  (Mem. in Supp. of Pl.'s Mot. to Compel 6, Ex. C.)  But read in conjunction with the contemporaneous documents cited therein, the confusion, and Z Street's inflammatory claims, evaporate.  In the report, the IRS indicated that the agent who reviewed Z Street's application used an "outdated checksheet" that listed multiple countries, including Israel, when she should have used "a revised checksheet that does not list Israel."  (*Id*.)  Based on this

---

risk of terrorism, in order to ensure that the organization will maintain procedures to prevent resources from being used to support terrorism.  *See* 26 U.S.C. § 501(p) (providing for the suspension of tax-exempt status for terrorist organizations; Rev. Rul. 63-252, 1963-2 C.B. 101 (organizations created in the United States but operated solely to solicit earmarked funds on behalf of pre-existing foreign entities are in effect domestic agents or conduit organizations with respect to foreign beneficiaries and do not qualify for tax-deductibility of donations); Rev. Rul. 66-79, 1966-1 C.B. 48 (an organization created in the United States that solicits contributions in the United States for a specific project of a foreign counterpart organization will qualify for tax-deductible contributions where the domestic charity has reviewed and approved the project as being in furtherance of its own exempt purposes and has full control and discretion as to the use of the contributions).

report, Z Street speculates that the IRS could not have had a good faith basis for believing that Z Street's application warranted additional review predicated on a potential affiliation with Israel. (*Id.*)  But the underlying documents themselves refute this claim.  The prior version of the checksheet provided a non-exclusive list of examples of countries with which an affiliation might warrant further scrutiny.  (Ex. 3, ZST401-002500 ("*e.g.*, Israel, Iraq, Libya," etc.).)  The revised version did not provide examples, instead broadly asking about "foreign grants or activities" in any country and soliciting "other facts & circumstances" that might warrant a referral to the Touch-and-Go Group.  (Ex. 4, ZST401-002499.)  As such, referring an entity affiliated with Israel is not inconsistent with the language in either document.

Even if the Plaintiff's allegations concerning post-Complaint misconduct were accurate, they would not have established the pre-Complaint misconduct necessary to meet the exception's requirements.  Regardless, the issue is moot because the Defendant's deliberative process privilege assertions have been withdrawn.

## C.  Plaintiff's further efforts to establish post-Complaint misconduct are irrelevant and unfounded.

Plaintiff points to post-Complaint documents and makes the tenuous argument that documents, which allegedly show that IRS employees made efforts to be careful about word-choice and document creation in the wake of the litigation, are evidence that the IRS sought to obscure evidence in this matter.  (Mem. in Supp. of Pl.'s Mot. to Compel 7-8.)  But, it is not clear that the documents Plaintiff cites are actually related to Z Street's allegation in its Complaint.  Regardless, caution with regard to communication concerning matters related to litigation is not unreasonable or evidence of any pre-Complaint wrongdoing.

In one instance, the Plaintiff makes much of an email exchange between IRS employees who discuss how to appropriately respond to a taxpayer because they do not want the IRS to be

perceived as having an "Israel Special Policy." (*Id.*, Ex. D.)  But as with any organization facing litigation on a particular topic such as Z Street's claims, it is not just logical—but prudent and necessary—to carefully and accurately communicate as to any matters with any relation to the litigation.  In light of allegations made by Z Street that an "Israel Special Policy" exists and assuming for the moment that the conversation that led to this lawsuit was a misunderstanding between the taxpayer and the IRS agent in question, it is not unreasonable for IRS employees to want to make sure that they do not continue to communicate with taxpayers in way that would give the mistaken impression that such a policy does exist.

Plaintiff likewise suggests that an edit to the "foreign Israeli lobby cases" for purposes of the IRS's February 2011 Significant Case Reports (SCRs) is also somehow nefarious and meant to obscure further evidence of a secret "Israel Special Policy" in reaction to this litigation.  (*Id.*, Ex. E.)  Unlike Ex. D where there is an express reference to allegations in the litigation, with this document, there is no basis to conclude that the edit had anything to do with the Z Street litigation.  It was just as likely a simple grammatical edit.  The Plaintiff's conjecture here is fanciful and unfounded.

Plaintiff makes a similar claim regarding a meeting attendee's apparent disinclination, while in a meeting, to respond via email to a question about a letter sent to an organization on Israeli settlements.  (*Id.* at 8, Ex. F.).  First, it is again unclear that this email has anything to do with the allegations in this matter.  It is just as likely that the writer's concern was to avoid writing a long email response while in a meeting, and she instead preferred to speak briefly and directly to the questioner.  Even if, as Plaintiff suggests, the intention was to avoid creating unnecessary documents, there is nothing nefarious in doing so where the subject is even tangentially related to ongoing litigation.

Indeed, it is eminently sensible to be circumspect in making statements about the subject matter of pending litigation, given the potential for making incorrect statements or even technically correct statements that may be misunderstood or mischaracterized. (*See* Ex. 5, ZST401-003106, stating that IRS employees should "always be careful about what you say to an organization about our internal procedures" because otherwise "your words could be twisted (or even made up for you)"; Ex. 6, ZST401-002201, Aug. 25, 2010 article quoting Z Street's attorney Jerome Marcus as saying that "it's possible that the IRS agent [identified in the Complaint] misapprehended the government's policy.") And Z Street's contention that the IRS deliberately avoided creating documents—yet also contemporaneously "documented its doing so"—strains credulity. (Mem. in Supp. of Pl.'s Mot. to Compel 8.)

**III.   PLAINTIFF'S REQUEST FOR A COURT ORDER REQUIRING THE DEFENDANT TO PRODUCE THIRD-PARTY RETURN INFORMATION "RELATING TO" Z STREET SHOULD BE DENIED BECAUSE SUCH DISCLOSURE IS PROHIBITED BY IRC § 6103, OR, IN THE ALTERNATIVE, FOR FAILING TO MEET AND CONFER.**

**A.   Z Street is not entitled to the third-party return information protected from disclosure by IRC § 6103 even if it relates to Z Street in some way.**

Plaintiff's assertion that documents and redactions "relating to Z Street" were wrongly withheld under IRC § 6103 are in some instances partially moot, and the remainder unsupported by law. *First*, as a general matter, the IRS is prohibited from disclosing the return information belonging to third parties. *Second*, the Defendant is not withholding Z Street's return information and there is no legal basis for the IRS to disclose to Z Street return information belonging to third parties "relating to Z Street." Defendant has re-reviewed its production and produced all previously withheld Z Street return information, including the inadvertent inconsistent redaction referenced by Z Street. Only third-party return information remains redacted or withheld. *Third*, with regard to specific documents to which the Plaintiff objected

- 14 -

for the first time in its Motion to Compel, we have removed redactions for non-responsiveness and privacy, leaving only IRC § 6103 redactions of third-party return information.  As a result, these issues are now moot as well.  As with the deliberative process privilege redactions, had Z Street attempted to first meet and confer, these issues would have been addressed without the need for the Court's intervention.

1.  **The Internal Revenue Service is prohibited from disclosing returns and return information belonging to third parties.**

The federal tax system largely depends on taxpayers providing their personal information to the IRS.  *United States v. Bisceglia*, 420 U.S. 141, 145 (1975).  To encourage compliance with the Internal Revenue Code's self-reporting requirements, Congress enacted IRC § 6103 to assure taxpayers that the information the IRS collects about them will remain confidential.  *In re United States (Panasonic)*, 669 F.3d 1333, 1336-37 (Fed. Cir. 2012); *Aronson v. IRS*, 973 F.2d 962, 966 (1st Cir. 1992) ("Congress has decided that, with respect to tax returns, confidentiality, not sunlight, is the proper aim").  Specifically, IRC §6103(a) requires that "returns" and "return information" shall be confidential and shall not be inspected or disclosed "except as authorized by this title."  IRC § 6103(a).

The term "return" is narrowly defined to include "any tax or information return, declaration of estimated tax, or claim for refund . . . which is filed with the Secretary [of the Treasury]." IRC § 6103(b)(1).  The term return information is expansively defined to include:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, or is being examined, or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense  . . .

- 15 -

IRC § 6103(b)(2)(A).  "[R]eturn information" is broadly defined and covers "virtually any

information collected by the Internal Revenue Service regarding a person's tax liability."

*Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1135 (D.C. Cir. 2001) (citation and internal

quotations omitted); *see also Housley v. U.S. Dep't of Treasury & I.R.S.,* 697 F. Supp. 3, 4

(D.D.C. 1988) (even whether a taxpayer has filed a tax return is protected under IRC § 6103).

Return information retains its confidential, protected status even after a taxpayer's identifying

information is removed.  *Church of Scientology of Cal. v. I.R.S.*, 484 U.S. 9, 9-17 (1987).

Section 6103 prohibits the IRS from disclosing a taxpayer's returns or return information

absent an Internal Revenue Code exemption (or waiver by the taxpayer).  IRC § 6103(a); *Church*

*of Scientology*, 484 U.S. at 10; *Ingham v. United States*, 167 F.3d 1240, 1245 (9th Cir. 1999).

Accordingly, the IRS can only disclose a taxpayer's return information to the taxpayer, to

someone with a statutorily-specified relationship to the taxpayer, or for a statutorily-specified

purpose.  *See, e.g.*, IRC §§ 6103(c)-(o); *First Heights Bank, FSB v. United States*, 46 Fed. Cl.

827, 832 (2000) (because the IRS "merely acts as the steward of the privilege" intended to

protect third parties, it has no power to waive the confidentiality of returns or return

information).  Moreover, absent a statutory exemption, a court cannot order the IRS to disclose

returns or return information.  *In re Barrett*, 487 F.3d 353, 363 (6th Cir. 2007); *Dowd v.*

*Calabrese*, 101 F.R.D. 427, 438-39 (D.D.C. 1984).

**2.  There is no legal basis for the Internal Revenue Service to disclose to Z Street return information belonging to third parties.**

Z Street seeks an order requiring the disclosure of return information belonging to third

parties but "relating to Z Street" in some way.  For example, Z Street seeks the full disclosure of

an email chain containing the return information of numerous third parties; it objects to the IRS

disclosing only Z Street's return information and redacting the remainder.  (Mem. in Supp. of Pl.'s Mot. to Compel 13, Ex. H.)[5]  Z Street likewise seeks the disclosure of return information of third parties that submitted tax-exempt applications identified by the IRS as potentially engaging in improper advocacy, rather than educational, activities; it claims entitlement to the third parties' return information because the IRS identified this concern with Z Street's application, too.  (*Id.* at 14, Ex. K.)  Z Street also points to an inconsistent redaction and implies that this mistake illustrates that the Defendant is hiding additional information "relating to" Z Street behind its redactions.  (*Id.* at 13-14, Exs. I and J.)  As set forth in greater detail below, the Defendant cannot, by law, release third-party return information that merely relates to Z Street in some way.

The exemption that allows disclosure of returns or return information in connection with a judicial proceeding is IRC § 6103(h)(4).  That provision provides for disclosure of return information in a civil proceeding only if one of the following three tests is met: the party test, the item test, or the transaction test.  IRC §§ 6103(h)(4)(A)-(C).  Z Street has not attempted to meet any of these three tests, and none applies.

First, by its express terms, the party test applies only if the returns or return information at issue belonged to Z Street.  IRC § 6103(h)(4)(A).  Counsel for the Defendant previously informed Z Street that it was only withholding one document containing Z Street's return information pursuant to § 6103(e)(7) (which authorizes the IRS to withhold a taxpayer's return information from the taxpayer under limited circumstances), and it has since produced that document to Z Street without any redactions based on § 6103.  The Defendant has also

---

[5] As previously explained, the Defendant is no longer withholding any of Z Street's return information from Z Street. To this extent, the motion is moot.

reproduced the two documents inadvertently produced with inconsistent redactions and removed

the offending redaction from the description of post-Complaint treatment of Z Street's

application.  (*Compare* Ex. 7, ZST401-001909 and Ex. 8, ZST401-001917 *with* Mem. in Supp.

of Pl.'s Mot. to Compel, Ex. I, ZST401-001909 and Ex. J, ZST401-001917.)  Finally, the

Defendant has re-reviewed and re-reproduced other documents where Z Street's return

information was inadvertently redacted.  For instance, we have produced a portion of the

document concerning advocacy cases referenced by the Plaintiff in its Motion to Compel.

(*Compare* Ex. 9, ZST401-001868 *with* Mem. in Supp. of Pl.'s Mot. to Compel, Ex. K, ZST401-

001868.)  Therefore, the party test is inapplicable.

Second, the item test would only apply "if the treatment of an item reflected <u>on such</u>

<u>return</u> is <u>directly related</u> to the resolution of an issue in the proceeding."  IRC § 6103(h)(4)(B)

(emphasis added).  By its express terms, the item test only authorizes the IRS to disclose

returns—not the broader category of return information.  *Panasonic*, 669 F.3d at 1340

(contrasting the language in § 6103(h)(4)(C), which refers to "such return or return information,"

with the language in §6103(h)(4)(B), which refers only to "such return").  The Defendant is not

withholding any third-party returns based on § 6103, rendering this exemption facially

inapplicable.

Moreover, Z Street has failed to identify any item on any of its returns that is at issue in

this case.  Z Street has likewise failed to identify any item on any third-party's returns that is

related to such an item on Z Street's returns, much less one that is "directly related" thereto.  *See*

*Vons Cos., Inc v. United States*, 51 Fed. Cl. 1, 17 (Ct. Cl. 2001) ("directly related" requires more

than mere relevance), *modified in other part*, 2001 WL 1555306 (Fed. Cl. Nov. 30, 2001).

Having failed to do so, Z Street cannot avail itself of the item test.  *See Panasonic*, 669 F.3d at

1339-40 (relevant inquiry is how the two taxpayers treated the items on their returns and any

relationship between the taxpayers, not whether the IRS treated the taxpayers' returns in a

common manner); S. Rep. No. 94-938, at 325 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3438,

3754-55 (item test is intended to cover situations where there is a relationship between two

taxpayers, such as a subchapter S corporation and a shareholder, whose reported tax liabilities

are directly tied to one another in some respect).

 Third, the transaction test would only apply "if such return or return information directly

relates to a <u>transactional relationship between a person who is a party to the proceeding and the</u>

<u>taxpayer</u> which <u>directly affects</u> the resolution of an issue in the proceeding."

IRC § 6103(h)(4)(C) (emphasis added).  As with the item test, the express terms of the

transaction test require a transactional relationship between Z Street and a third party, not a

common transactional relationship with the IRS.  *See Heimark v. United States*, 14 Cl. Ct. 643,

649-51 (1988) (responsible person assessed with trust fund recovery penalty for corporation's

unpaid taxes was not authorized to obtain information about other officers, directors, or

employees of the corporation against whom the IRS might have considered also assessing the

same penalty).  Z Street has failed to identify any transactional relationship between itself and a

third party that is at issue in this case, much less one that "directly affects" the resolution thereof,

and therefore cannot avail itself of the transaction test.

**B.  The Defendant has removed privacy and non-responsiveness redactions and produced
with substantially less or no redactions the other documents over which the Plaintiff
raised concerns, which are now moot.**

 The Plaintiff also complains that certain redactions on the grounds of non-responsiveness

or privacy unfairly "prevent Z Street from seeing how its own application was being treated and

why."  (Mem. in Supp. of Pl.'s Mot. to Compel 8, Ex. G; *see also id.* at 13-14, Exs. G, H, I, and

J.)  In fact, nothing is further from the truth.  The documents instead relate to an investigation of

harassment of an employee and information concerning other work streams and third parties

unrelated to Z Street.

All of these documents identified by the Plaintiff have now been re-produced without any

deliberative process, privacy or non-responsiveness redactions.  (*See* Ex. 7, ZST401-001909;

Ex. 8, ZST401-001917; Ex. 10, ZST401-002774; Ex. 11, ZST401-002017-18.)[6]  Only minor

redactions on the basis of IRC § 6103 remain.  The unredacted documents demonstrate that there

is nothing further hidden under these redactions related to Z Street's application except irrelevant

references to other projects or third-party applicants that just happened to be in the same email as

a reference to Z Street.

For instance, exhibit G contained the IRS deliberations concerning how to handle

harassment of an IRS employee by another federal government employee as a result of Z Street's

litigation.  (*Compare* Ex. 10, ZST401-002774 *with* Mem. in Supp. of Pl.'s Mot. to Compel, Ex.

G, ZST401-002774.)  It has been produced in full with no redactions.  With the initial redactions,

the Defendant sought to protect the privacy of both employees and the deliberations involved in

the decision of how to handle that situation, both valid grounds for redaction.

Likewise, reproduction of Exhibit H with fewer redactions demonstrates that Z Street was

just one taxpayer in a list of many.  (*Compare* Ex. 1, ZST401002017-18 *with* Mem. in Supp. of

Pl.'s Mot. to Compel, Ex. H, ZST401-002017-18.)  The Defendant did not redact an entire

paragraph concerning Z Street as asserted by the Plaintiff.  (Mem. in Supp. of Pl.'s Mot. to

---

[6] Exhibit K was also re-produced with less redaction and discussed in Section III.B.2 *infra*.  (*Compare* Ex. 9, ZST401-001868 *with* Mem. in Supp. of Pl.'s Mot. to Compel, Ex. K, ZST401-001868.)

Compel 13.)  The names and information of the other taxpayers were appropriately redacted on the basis of IRC § 6103.

Finally, reproduction of Exhibits I and J without redactions for non-responsiveness reveals that the other content in those documents was unrelated to Z Street, not responsive to its request for documents, and therefore appropriately withheld as nonresponsive.  (*Compare* Ex. 7, ZSTT401-001909; Ex. 8, ZST401-001917 *with* Mem. in Supp. of Pl.'s Mot. to Compel, Ex. I, ZST401-001909; Ex. J, ZST401-001917.)

These exhibits demonstrate the extent to which Plaintiff's Motion to Compel is a baseless fishing expedition, which the Defendant have nonetheless sought to address rather than burden the Court with a request to review these documents *in camera*.  As such, objections regarding the documents identified by the Plaintiff in Exhibits G, H, I, J, and K are now also moot.

## C.  In the alternative, Z Street's remaining requests should be dismissed for failure to comply with meet and confer requirements.

The Court has ample authority on which to rely in denying Z Street's requested relief outright, namely its stubborn refusal to comply with this Court's Standing Order and Local and Federal Rules, and thereby reduce the volume and complexity of issues now before the Court.

As a basic matter, Z Street's motion should be denied for failure to comply with this Court's Standing Order, LCvR 7(m), and Fed. R. Civ. P. 37(a)(1).  Fed. R. Civ. P. 37(a)(1); LCvR 7(m); (Dkt. 60, General Order, App. 4(b) and 5(a)(viii)).  Despite requests from counsel for Defendant (Status Conf. Tr. 9:2-14), and instruction from the Court (*id.* at 9:22 – 10:4), Z Street did not engage in the required meet and confer process, and thereby filed a premature motion, prompting Defendant's extension request.  *See*, *e.g.*, *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C.2006) (denying discovery motions for failure to comply with LCvR 7(m)); *U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 528

- 21 -

(D.D.C.2006) (denying a motion to compel for failure to comply with FRCP 37 and LCvR

7(m)).  Nor can Z Street claim ignorance of this requirement, as the Court previously denied Z

Street's motion to supplement the record based on the failure of its counsel to meet and confer.

(March 27, 2014 Minute Order.)  Here, where the meet and confer process would have prompted

the current internal evaluation before Plaintiff's motion, it would have narrowed and refined the

issues for the Court to address.  For this reason alone, Plaintiff's motion should be denied.

## CONCLUSION

For the reasons stated herein, the Defendant respectfully requests that the Plaintiff's

Motion to Compel be denied.

Dated: August 31, 2016

Respectfully submitted,

/s/ Geoffrey J. Klimas
GEOFFREY J. KLIMAS
OLGA L. TOBIN
Trial Attorneys
KARI M. LARSON
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
Post Office Box 227
Telephone:  (202) 307-6346
             (202) 307-6322
             (202) 616-3822
Fax: (202) 514-6866
Email: Geoffrey.J.Klimas@usdoj.gov
        Olga.L.Tobin@usdoj.gov
        Kari.M.Larson@usdoj.gov
*Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2016, I filed the foregoing DEFENDANT'S RESPONSE TO

Z STREET'S MOTION TO COMPEL, DECLARATION OF OLGA L. TOBIN WITH

EXHIBITS, and PROPOSED ORDER with the Clerk of Court using the CM/ECF system, which

will send notice of this filing to all parties registered to receive such notice, including Plaintiff's

counsel.

/s/ Geoffrey J. Klimas
GEOFFREY J. KLIMAS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone: (202) 307-6346
Fax: (202) 514-6866
geoffrey.j.klimas@usdoj.gov