# Forward.com



## Lawsuit Accuses IRS of Screening Israel-Related Charities

By Josh Nathan-Kazis

Published August 25, 2010.

**UPDATED: September 3, 4 p.m. ET**

A hawkish pro-Israel activist group has filed a lawsuit alleging that the Internal Revenue Service is impeding or denying applications for tax-exempt status from nonprofit organizations that oppose the Obama administration's Israel policies. But experts in nonprofit tax law say that the allegations seem far-fetched.

In a complaint filed in federal court in Pennsylvania on August 25, the group, called Z Street, alleged that an IRS agent told an attorney for the organization that delays in the processing of its application for tax-exemption were due to the case receiving extra scrutiny over whether it would oppose administration policy on Israel.

As the Forward reported in January, some argue that the 1983 U.S. Supreme Court decision in the case of Bob Jones University v. United States could be interpreted to deny nonprofit status to organizations that oppose established American foreign policy. The Bob Jones decision, which found that "an institution seeking tax-exempt status must... not be contrary to established public policy," was written to bar tax exempt groups from participating in racial discrimination.

Legal experts were split on the question of whether longstanding foreign policy, such as America's opposition to Jewish settlements in the West Bank, could fall within the realm of "public policy" as described in Bob Jones. All agreed, however, that the IRS had never used Bob Jones to deny tax-exempt status to nonprofits that oppose American foreign policy.

The Z Street lawsuit alleges that its application for tax-exempt status, which was filed last December, has been held up due to an IRS procedure specifically targeting groups opposing administration policy on Israel.

According to Z Street's complaint, IRS agent Diane Gentry said that applications for tax-exempt status from nonprofits working on Israel-related issues "are being sent to a special unit in the D.C. office to determine whether the organization's activities contradict the Administration's public policies."

A spokesperson for Z Street said that there was no recording of the conversation with Gentry and declined to provide notes from the exchange, citing its potential bearing on ongoing litigation. That conversation was purportedly held between Gentry and an attorney handling Z Street's application for exemption. That attorney is not involved in the lawsuit, which was filed by another attorney, Jerome M. Marcus.

Gentry did not respond to a request for comment.

In response to a request for comment from the Forward, IRS spokesman Bruce Friedland wrote: "The IRS, by law, cannot comment on specific charities or even confirm whether a specific exemption request exists."

He continued: "When any organization applies for tax exempt status, it is the responsibility of the IRS to ensure that the organization's funds will be used to accomplish charitable purposes."

Friedland declined to speak generally about the existence of a unit dedicated to screening the activities of

ZST401-002200

Israel-related applicants for tax exemptions. But a congressional staff member close to the issue called allegations of such a unit "utter nonsense."

Friedland also declined to answer general questions about the IRS's interpretation of Bob Jones and whether it could be used to deny exempt status to organizations that oppose elements of the foreign policy of the United States.

The allegations of a special IRS Israel unit aroused skepticism from experts. Sheldon S. Cohen, a former IRS commissioner, said he doubted there was any such unit. "We'd know about it," he said. "Revenue agents are not bashful about talking about what they work on.... The U.S. government is a sieve. This is not top-secret stuff."

Of the questions about the existence the special unit, Marcus, Z Street's counsel, said that he agreed that they were difficult to believe. "If the statement hadn't been made to us by the IRS, I, too, would be reluctant to believe it," he said. "And while it's possible that the IRS agent misapprehended the government's policy, the likelihood that the agent was talking about something that does not exist at all seems to me [unlikely]."

Marcus continued, "Our case is designed to get to the bottom of what the IRS policy really is."

Other experts suggested that Z Street's application for tax exemption could have been forwarded to the central office in Washington, D.C. for other reasons. The Internal Revenue Manual describes a broad set of reasons why exemption applications could be automatically referred to agency's quality assurance department, including cases involving "terrorist countries, and cases where the IRS has received third-party contact requesting that the applicant be denied exemption."

Contact Josh Nathan-Kazis at nathankazis@forward.com or on Twitter @joshnathankazis

Copyright © 2010, Forward Association, Inc. All Rights Reserved.