IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

Z STREET,                                                :
                                                         :
                    Plaintiff,                           :        Civil No. 1:12-cv-00401 (KBJ)
                                                         :
v.                                                       :
                                                         :
JOHN KOSKINEN,                             :
IN HIS OFFICIAL CAPACITY AS         :
COMMISSIONER OF                        :
INTERNAL REVENUE,                      :
                                                         :
                    Defendant.                          :
_____:

**Z STREET'S REPLY BRIEF SUR ITS MOTION TO COMPEL DISCOVERY**

Defendant's behavior in making it necessary for Plaintiff to file the instant motion to compel, and the Government's conduct since that motion was filed, are further evidence of the very strategy and policy that made this case necessary in the first place:  it's all about delay.

For discovery to which responses were due in February, the Government was given an additional four months to produce a privilege log.  The Government took that time to produce the log, and then an additional three months on top of that to unproduce the same log, abandon the positions it had been given time to assert, and to turn over material that, we now learn, should have been produced back in February.

The Government's conduct makes it unnecessary for the Court to rule on Plaintiff's motion; the Government has, sua sponte, declared Plaintiff's Motion "GRANTED."  So there is nothing left for the Court to do.

But it cannot go without comment that the Government's record of demands for time, followed – months later -- by wholesale retreat from the positions the Government was given time to craft, is itself an abuse of the litigation process.  Worse, it is delay by abusive process when the entire essence of the claim itself is delay by abusive process.  That abuse is even more unfounded because the pendency of this litigation was, for over six years, itself invoked by the Government as an excuse for refusing to address Plaintiff's application for 501(c)(3) status.  The delay in this case that the Government has now profited from, in other words, was appropriated by the Government to enable it to continue to inflict the very harm that this case was brought to stop. That will be relevant when the merits are ultimately reached in this case, and when the extent of the impact of the Government's wrongdoing is assessed.

Lastly, we cannot let pass the Government's simultaneous effort to attack Plaintiff's allegations of Government wrongdoing coupled with tactics that make it unnecessary, and so impossible, for the Court to actually decide whether the Plaintiff, or Government, is correct.[1] Given the Government's abandonment of the position that made Plaintiff's argument necessary, it is difficult to understand why the Government took the trouble to marshal – and to force the Court to read -- what the Government itself proclaims is an unnecessary factual discussion.

Plaintiff will not compound that error by demonstrating, at this time, why the Government's defense of its conduct fails.  We will observe, however, that these facts will indeed matter a great deal when the merits are ultimately addressed.

---

[1] Though it insists Z STREET should have conducted a meet-and-confer about its allegations of Government wrongdoing, the Government refuses to answer this question:  given the IRS's litigation position in this case, should plaintiff really have expected that the IRS would listen with an open mind to the claim that the IRS had engaged in the wrongdoing at issue in the complaint, and in the filing of a false affidavit in this case, and that it engaged in other conduct to obscure evidence of the facts here at issue?  Does the Government seriously wish the Court to believe that perhaps the Government might have been persuaded by these arguments? And if not, what would have been the purpose of the meet-and-confer?

Dated:  September 19, 2016

Respectfully submitted,

/s/*Jerome M. Marcus*
Jerome M. Marcus
MARCUS & AUERBACH LLC
1121 Bethlehem Pike
Suite 60-242
Spring House, PA 19477
VOICE:           215 885 2250
FAX:               888 875 0469
Email: jmarcus@marcusauerbach.com

Jay M. Levin
Attorney ID No. 34561
REED SMITH
1650 Market Street
Philadelphia, PA 19103
VOICE:           215 851 8126
FAX:               215 851 1420
Email: jmlevin@reedsmith.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 19, 2016, I filed Plaintiff's Reply Brief Sur Its Motion to

Compel Discovery with the Clerk of Court using the CM/ECF system, which will send notice of

this filing to all parties registered to receive such notice.


<u>/s/ *Jerome M. Marcus*        </u>

Jerome M. Marcus