IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Z STREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:12-cv-401-KBJ |
| | ) | |
| JOHN KOSKINEN, | ) | |
| IN HIS OFFICIAL CAPACITY AS | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE

The Defendant informs the Court that on October 19, 2016, the Internal Revenue Service ("Service") issued a letter to Z Street granting its application for recognition of exempt status. The circumstances preceding the issuance of that letter are as follows.

Z Street filed suit alleging that the Service had a policy regarding how to process applications for recognition of exempt status connected to the filing organization's viewpoint regarding Israel, and that the policy was unconstitutional.  (Am. Compl., Dkt. 10 at ¶ B.) Z Street sought, *inter alia*, an injunction barring the Service from applying the alleged policy to its application and requiring that its application be processed in a different manner.  (*Id.*, Prayer for Relief ¶¶ A-B.)  After Z Street filed suit, the Service suspended its processing of the application.  This was consistent with Rev. Proc. 2010-9 § 4, 2010 WL 56880 (Jan. 11, 2010), a longstanding, viewpoint neutral procedure providing that "[a] determination letter or ruling on exempt status will not ordinarily be issued if an issue involving the organization's exempt status under § 501 or § 521 is pending in litigation . . ."  It was also consistent with the Defendant's

position that this suit should have been filed as a declaratory judgment action under 26 U.S.C. § 7428 if the Service had not, within 270 days of Z Street's application being submitted, made a final determination on it.  26 U.S.C. § 7428(a)(2), (b)(2); (Def.'s Second Supp. Memo., Dkt. 38 at 10; Hearing Tr. (July 19, 2013), Dkt. 44 at 14:16-16:12; *cf. Z Street v. Shulman*, 2:10-cv-04307 (E.D. Pa.) (Dkt. 28) (order construing the instant suit "as a controversy arising under 26 U.S.C. § 7428" and transferring it to the District of Columbia).)  However, the Defendant's position was rejected, first by this Court and then by the D.C. Circuit.  *Z Street v. Koskinen*, 44 F. Supp. 3d 48 (D.D.C. 2014), *aff'd*, 791 F.3d 24 (D.C. Cir. 2015).

On remand, the Defendant proposed that the parties negotiate, either directly counsel-to-counsel, or with the assistance of a third-party neutral, a consent order providing "a fair and constitutionally sound procedure acceptable to the Plaintiff that the IRS could use to evaluate Plaintiff's application for recognition of exemption under section 501(c)(3) of the Internal Revenue Code."  (Joint Report and Discovery Plan, Dkt. 82 at 3; Status Conf. Tr. (Dec. 17, 2015), Dkt. 89 at 3:8-4:2.)  Z Street declined to engage in any negotiations on this issue.  (Joint Report and Discovery Plan, Dkt. 82 at 3; Status Conf. Tr. (Dec. 17, 2015), Dkt. 89 at 4:5-16.)

Z Street subsequently sent the Defendant a letter averring that the Service's failure to process its application during the pendency of this litigation constituted "impermissible discrimination" – even as Z Street complained that processing the application under existing Service policy would violate its First Amendment rights, sought an injunction requiring that the application be processed in a different manner, and declined to negotiate with the Defendant to arrive at an agreed-upon procedure to process the application.  (Ex. A.)

On August 5, 2016, the D.C. Circuit issued a decision in *True the Vote, Inc. v. Internal Revenue Serv., et al.*, No. 14-5316, and *Linchpins of Liberty, et al. v. United States of America, et*

14418287.1

*al.*, No. 15-5013, 2016 WL 4151231 (Aug. 5, 2016).  In light of that decision, the Service

decided that it would process the applications of litigants whose applications remain pending.

(Ex. B.)  The Service informed the undersigned attorneys that it would also review Z Street's

application, even though Z Street was not a party to the *True the Vote/Linchpins* litigation, and

the Defendant informed Z Street's counsel of that fact in a letter dated August 16, 2016.  (*Id.*)

Based on its review of Z Street's application using current procedures, (*e.g.*, I.R.M. 7.20.2 (last

revised Oct. 22, 2015)), the Service determined that Z Street was exempt from federal income

tax under section 501(c)(3) of the Internal Revenue Code.

Dated: October 19, 2016

Respectfully submitted,

/s/ Kari M. Larson
KARI M. LARSON
Senior Litigation Counsel
OLGA L. TOBIN
GEOFFREY J. KLIMAS
Trial Attorneys
Tax Division
U.S. Department of Justice
Post Office Box 227
Telephone:  (202) 616-3822
                    (202) 307-6322
                    (202) 307-6346
Fax: (202) 514-6866
Email: Kari.M.Larson@usdoj.gov
            Olga.L.Tobin@usdoj.gov
            Geoffrey.J.Klimas@usdoj.gov
*Attorneys for the Defendant*

14418287.1

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2016, I filed the foregoing NOTICE with the Clerk of Court

using the CM/ECF system, which will send notice of this filing to all parties registered to receive

such notice, including Plaintiff's counsel.


/s/ Kari M. Larson
KARI M. LARSON