# Marcus & Auerbach LLC
*Attorneys at Law*
Penn Valley, Pennsylvania

**Jerome M. Marcus**
Telephone: 215.885.2250
Facsimile: 888.875.0469
jmarcus@marcusauerbach.com

March 28, 2016

Geoffrey J. Klimas, Trial Attorney
Civil Trial Section, Eastern Region
Tax Division, U.S. Department of Justice
Post Office Box 502
Washington, D.C. 20044

Re:   *Z STREET v. KOSKINEN*
      U.S.D.C. for the District of Columbia, No. 12-cv-00401 (KBJ)

Dear Mr. Klimas:

This letter responds to yours of February 11, 2016.

1. The IRS's treatment of Z STREET's application during the pendency of this litigation constitutes discrimination because the IRS chose to invoke a regulation which gives the IRS the option – but does not require it – to cease processing of an application for 501(c)(3) status when litigation is regarding entitlement to such status.  The discrimination takes two forms: first, as has now been held by two courts, this litigation does not relate to Z STREET's entitlement to 501(c)(3) status.  The fact that the IRS chose to invoke the regulation, and cease work altogether on processing Z STREET's application, when as the Complaint in this case was filed is therefore completely improper, and the IRS's decision to do so nonetheless is a form of impermissible discrimination.   Second, even after two courts have held that the case does not relate to Z STREET's entitlement to such an exemption, the IRS still insists on invoking this regulation and freezing the processing of Z STREET's application,  Third, even if  the case did relate to Z STREET's entitlement to an exemption, under the terms of the regulation the IRS was not required to stop processing Z STREET's application; under the regulation the IRS merely had the option to do so.  The fact that the IRS chose that option when it was not required to do so is further evidence of IRS discrimination and of the IRS's discriminatory animus.  CITE REG; CHECK DATE OF ADOPTION; IF TOO CLOSE TO ITS APPLICATION TO US INVOKE THAT AS WELL.

2. The only additional document, beyond the TIGTA reports and the materials the IRS has produced to Congress, is the IRS report "Charting A Path Forward."

3. Pursuant to our agreement, we have produced to you all notes by counsel, and all communications between counsel or between counsel and client, setting forth the content

Mailing address:  1121 N. Bethlehem Pike, Suite 60-242, Spring House, PA 19477

**Exhibit**
A

of any interaction between the IRS and counsel. I do not see why additional detail – date, subject or addressees – of other documents will be relevant here. In addition, because the attorney's file is just that – an attorney's file – production of a complete, page-by-page privilege log is an unreasonable burden. Everything in such a file is presumptively privileged. Documents withheld include communications with clients, draft filings and other work product, and the fruits of the attorney's legal research.

4. We will produce documents sufficient to identify all requests for media appearances by Ms. Marcus, and her written communications with representatives of the media. We will also produce any articles prepared by Ms. Marcus to the extent that she has such materials in her possession. Ms. Marcus has not maintained a collection of articles by others about the case, her, or Z STREET, and so, to the extent that such publications are not currently in her possession she would have to gather them from the internet using a search engine, just as the IRS can do. We are not producing all communications between Ms. Marcus and this case, as we believe that production of every email to every interested person regarding this litigation is unduly burdensome given its potential value.

5. If, at any time before trial or before the completion of discovery, we determine that other political organizations on the BOLO lists were in a posture similar to Z STREET's – such that the organization's application for 501(c)(3) status was delayed, or if it was treated differently in some other relevant way – we will so advise you promptly.

6. While I did invoke the Common Interest privilege with respect to Z STREET's communication with other groups which claimed that they had been discriminated against, I've since learned that Z STREET itself had no such communications. Z STREET's counsel has had communications with counsel for such organizations, but I assume you are not seeking access to those.

7. I attach the written communication I had regarding the other Jewish organization identified in the Complaint.

8. We are withholding Z STREET board minutes because the only ones that are responsive to your discovery requests relate to the institution or prosecution of this case. We believe that, to use your formulation, it is "readily apparent" that all such notes are privileged.

9. Since you sent your letter we have produced our counsel's file to the government. As a result, you now have all Z STREET applications or elections, including any made under Section 501(h), and any state or local equivalents thereof. I believe that, in the production from our counsel's file, we also included the material in our possession relating to Z STREET's lobbying, public awareness campaigns, educational activities, purposes and advocacy, to the extent that any such material exists.

Sincerely,

*[signature]*

Jerome M. Marcus

2